In the Matter of Port Authority of New York and New Jersey, Appellant, v Port Authority Police Benevolent Association, Inc., Respondent. [952 NYS2d 505]—

The award in this case was not "totally" irrational, nor did it violate public policy (*Matter of Brown & Williamson Tobacco Corp. v Chesley*, 7 AD3d 368, 372 [1st Dept 2004], quoting *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]). The arbitrator properly found that according to the contract language, there was no "emergency" that justified bypassing the contract's terms regarding assignment of personnel. Further, the award merely enforced the terms of the parties' contract, which already addressed the public policy issues that petitioner raises on this appeal.

The arbitrator did not exceed her powers in making the award, as the contract language to which petitioner points does not address the situation at issue in this matter. Indeed, petitioner itself requested relief that was not specified in the

relevant contract language, and therefore cannot now be heard to say that the award exceeded the scope of the arbitrator's authority.

We have considered the remaining contentions, including respondent's request for attorneys' fees and costs, and find them unavailing. Concur—Saxe, J.P., Sweeny, Richter, Abdus-Salaam and Román, JJ.